IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANGELA GREELY | § | |
| | § | |
| V. | § | A-14-CA-138-SS |
| | § | |
| OLIVER J. BELL, BRAD LIVINGSTON, | § | |
| ALLEN HIGHTOWER, LANNETTE | § | |
| LINTHICUM, and RICK THALER | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's Civil Rights Complaint and Motion for Appointment of Counsel. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time she filed her complaint, Plaintiff had been released from the Texas Department of Criminal Justice - Correctional Institutions Division. Although Plaintiff's complaint is difficult to comprehend, she appears to complain of the medical treatment provided to her while she was incarcerated. Plaintiff sues Oliver J. Bell, Chairman of the Texas Board of Criminal Justice, Brad Livingston, Executive Director of the Texas Department of Criminal Justice, Allen Hightower, Executive Director of the Correctional Managed Health Care Committee, Dr. Lannette Linthicum,

Director of the Texas Department of Criminal Justice - Health Services Division, and Rick Thaler former Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff seeks $5.6 million in punitive damages, $2.5 million in compensatory damages, and $2.4 million in monetary damages.

## DISCUSSION AND ANALYSIS

    A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

    B.    <u>Eleventh Amendment Immunity</u>

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. <u>Pennhurst State School Hosp. v. Halderman</u>, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. <u>Port Auth. Trans-Hudson v. Feeney</u>, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not

be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).

    C.    Qualified Immunity

The defendants sued in their individual capacities are protected by qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend Cnty., 58 F.3d 173, 174 (5th Cir. 1995). To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria—whether plaintiffs' facts allege a constitutional violation—be decided at the outset. Saucier v. Katz, 533 U.S. 194, 201 (2001). The Court later reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity

analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Construing Plaintiff's complaint liberally, as the Court must, Plaintiff is alleging she received inadequate medical care while she was confined in prison. To succeed in this civil rights action, Plaintiff must establish the defendants were deliberately indifferent to her serious medical condition, "an extremely high standard to meet." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); see also Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety . . . ."). An incorrect medical diagnosis is not sufficient to establish a claim. Domino, 239 F.3d at 756. Also, disagreement with a course of medical treatment will not suffice. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's allegations do not allege officials refused to treat her, ignored her complaints, intentionally treated her incorrectly, or engaged in any similar conduct that would clearly evince a "wanton disregard for any serious medical needs." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). To the extent Plaintiff disagrees with the treatment that she received she does not establish a claim upon which relief may be granted. See Estelle v. Gamble, 429 U.S. 97, 99-101 (1976) (prisoner's section 1983 suit for alleged denial of medical treatment dismissed for failure to state a claim, despite evidence of minor medical response in the face of repeated prisoner complaints); Domino, 239 F.3d at 753-54 (prison psychiatrist not deliberately indifferent for failing to predict prisoner's suicide after a five minute interview with prisoner); Johnson, 759 F.2d at 1237 (prisoner's suit dismissed upon state's showing of continuing medical treatment).

Plaintiff has sued high level prison officials and appears to seek to hold them liable in their supervisory capacities. However, supervisory officials cannot be held vicariously liable in civil rights cases solely on the basis of their employer-employee relationship. Monell v. Dep't of Social Services, 436 U.S. 658, 693 (1978); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. at 304. Plaintiff has failed to provide a basis for holding the defendants liable in this case.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the defendants in their official capacities be dismissed without prejudice for want of jurisdiction and Plaintiff's claims against the defendants in their individual capacities be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e). It is further recommended that Plaintiff's motion for appointment of counsel be dismissed.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge

of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of February, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE