IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ANGELA GREELY,
                Plaintiff,

-vs-                                               Case No. A-14-CA-138-SS

OLIVER J. BELL; BRAD LIVINGSTON; ALLEN HIGHTOWER; LANNETTE LINTHICUM; and RICK THALER,
                Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically pro se Plaintiff Angela Greely's Complaint [#1-1], and the Report and Recommendation of the United States Magistrate Judge [#5], to which Greely has not objected. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DISMISSING Greely's claims.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Greely is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

When Greely filed this lawsuit on February 13, 2014, she had been released from the Texas Department of Criminal Justice - Correctional Institutions Division. Her Complaint is basically unintelligible, but Greely appears to be complaining about medical care she received while incarcerated, alleging various individuals showed "deliberate indifference" to her (unclear) medical needs by taking unspecified actions. Greely seeks $10,500,000.00 ("tax free") in damages.

## Analysis

Greely is proceeding *in forma pauperis*. Accordingly, the Magistrate Judge screened her complaint to determine if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Court may determine Greely's complaint must be dismissed under § 1915(e) at any time, before or after service of process and before or after the Defendants' answers. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). The Court must construe Greely's pro se complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Greely's pro se status, however, does not create an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Greely represents she is suing the various individual defendants—TDCJ's top brass—in their individual capacities.[1] As the Magistrate Judge's report explained in greater detail, the Defendants' liability in their individual capacities "is limited by the doctrine of qualified immunity." *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008). To overcome the Defendants' qualified immunity

---

[1] As the Magistrate Judge explained, any suit against these defendants in their official capacities for money damages is barred by the Eleventh Amendment. *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994).

defense, Greely must establish the Defendants acted with deliberate indifference to her known medical needs. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Greely's Complaint is wholly devoid of any facts suggesting any Defendant's conduct in this case rose to the "extremely high standard" of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see also Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (affirming grant of summary judgment to defendants where plaintiff "submitted no evidence that prison personnel have ever refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs").[2]

## Conclusion

The Court perceives no error, plain or otherwise, in the Magistrate Judge's report and recommendation Greely's claims be dismissed without prejudice for want of jurisdiction and as frivolous.

Greely is hereby WARNED that filing or pursuing any further frivolous lawsuits may result in: (a) the imposition of court costs pursuant to § 1915(f); (b) the imposition of significant monetary sanctions pursuant to Federal Rule of Civil Procedure 11; (c) the imposition of an order barring Greely from filing any lawsuits in this Court without first obtaining permission from a District Judge of this Court, or a Circuit Judge of the Fifth Circuit; or (d) the entry of an order imposing some combination of these sanctions.

---

[2] Greely has also failed to plead any facts suggesting the Defendants, TDCJ's leadership, may be held liable under any supervisory liability theory. *See Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987).

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#5] is ACCEPTED;

IT IS FURTHER ORDERED that Plaintiff Angela Greely's Motion to Appoint Counsel [#2] is DISMISSED;

IT IS FINALLY ORDERED that Plaintiff Angela Greely's claims against the Defendants in their official capacities are DISMISSED WITHOUT PREJUDICE for want of jurisdiction, and her claims against the Defendants in their individual capacities are DISMISSED WITH PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

SIGNED this the 30th day of April 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE